UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIEGO CORREA-CASTRO,

                Petitioner,

v.                                       **DECISION AND ORDER**
                                              10-CR-185S
                                              13-CV-45S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Diego Correa-Castro's Motion to Vacate his sentence under 28 U.S.C. § 2255. (Docket No. 30[1]). Petitioner maintains that his conviction in this Court was unconstitutionally or unlawfully secured. On March 5, 2013, Respondent filed a Motion to Dismiss. (Docket No. 32). For the reasons discussed below, Respondent's motion will be granted and the petition will be dismissed as untimely.

## II. BACKGROUND

On July 9, 2010, Petitioner pled guilty to a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, pursuant to a written plea agreement that set forth a mandatory minimum sentence of not less than 10 years, and up to life imprisonment. (Docket No. 4). On October 17, 2011, this Court sentenced Petitioner to a term of 240 months imprisonment. (Docket No. 25). This Court entered judgment on October 20, 2011. (Docket No. 29). Petitioner did not directly appeal his conviction or his sentence.

---

[1] All docket citations are to the criminal docket — 10-CR-185S.

1

On January 11, 2013, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 30). Petitioner contends that his defense attorney provided ineffective assistance as follows:

> I was induced to plead guilty by my attorney, who told me I would only be sentenced to 10 years imprisonment. He told me to ignore what the Judge said, and that I would certainly receive 10 years. I received 20.

(Docket No. 30).

### III. DISCUSSION

Section 2255 of Title 28 of the United States Code allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time allowed by law." Rose v. United States, No. 13-CV-5885, 2013 WL 5303237, at *1 (S.D.N.Y. Sept. 20, 2013) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)). A prisoner is entitled to a hearing on a motion filed under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Pham v. United States, 317 F.3d 178, 184-85 (2d Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

Under § 2255(f)(1), a petition must be filed within one year of the date that the underlying conviction becomes final. For purposes of subsection (f)(1), "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). The time to file a direct appeal expires 14 days after entry of the judgment of conviction. See Fed. R. App. P. 4(b)(1)(A).

This Court entered Petitioner's judgment of conviction on October 20, 2011. (Docket No. 29). Petitioner filed his Petition on January 11, 2013, one year, two months and twenty-three days later. (Docket No. 35). Thus, even allowing for expiration of the 14-day appeal period, Petitioner's motion is untimely. See Persaud v. United States, No. 12 Civ. 2051 (SAS), 2012 WL 5199371, at *3 (S.D.N.Y. Oct. 22, 2012) (finding that the limitations period for a criminal conviction from which no appeal is taken begins to run 14 days after the judgment of conviction is docketed).

3

Petitioner argues, however, that he placed his petition in the hands of prison officials before the limitations period expired. (Docket No. 35). He also purports to have signed the petition on October 9, 2012, which is within the limitations period. (Docket No. 30). Petitioner's signature is not notarized.

It is well established that incarcerated pro se litigants are deemed to have filed their federal papers on the date the papers were handed to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In the absence of evidence to the contrary, a federal court should assume that the application was delivered to the prison official on the date it was signed. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 1999).

Here, this Court finds that the nearly three-month gap between the time Petitioner allegedly placed his petition with prison officials and the date it was received by the court constitutes evidence that rebuts the presumption that the petition is timely under the mailbox rule. Petitioner attributes the delay to his multiple transfers, yet even assuming that Petitioner was transferred after giving prison officials his petition for mailing, those transfers would not delay the mailing of the petition to the court. Accordingly, this Court finds that the mailbox rule does not save Petitioner's untimely petition. It must therefore be dismissed. See Pulliam v. Phillips, No. 02-CV-5773, 2003 WL 22952849, at *3 (E.D.N.Y. Sept. 26, 2003) (rejecting application of the mailbox rule where unsworn habeas corpus petition was received 56 days late without explanation).

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is dismissed as untimely under 28 U.S.C. § 2255(f)(1).

## V. ORDERS

IT HEREBY IS ORDERED, that Respondent's Motion to Dismiss (Docket No. 32) is GRANTED.

FURTHER, that Petitioner's Petition for a writ of habeas corpus (Docket No. 30) is DISMISSED as untimely.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.


Dated: December 6, 2013
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court