UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIEGO CORREA-CASTRO,

        Movant,

  -vs-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 1:16-cv-00386-MAT**

**Criminal Case**
**No. 1:10-cr-00185-MAT**

---

**I.   Introduction**

Represented by counsel, Diego Correa-Castro ("Correa-Castro") has filed a motion to set aside or correct his sentence under 28 U.S.C. § 2255 ("§ 2255") (ECF #51) pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), and a supplemental § 2255 motion (ECF #57) pursuant to United States v. Davis, 139 S. Ct. 2319 (2019) ("Davis").[1]  For the reasons discussed below, Correa-Castro's § 2255 motion and supplemental § 2255 motion are granted.

**II.   Factual Background and Procedural History**

After Correa-Castro was charged with several drug-related federal offenses in 2000, he elected to cooperate with the Government. During a proffer interview on March 27, 2009, he provided information about his involvement in the murder of Quincy Turner ("Turner"), who had agreed to cooperate against Jose

---

[1] In Johnson II, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. 135 S. Ct. at 2558-59. In Davis, the Supreme Court held that the similarly worded residual clause in 18 U.S.C. § 924(c)(3)(B) is also void for vagueness. Davis, 139 S. Ct. at 2336.

Martinez ("Martinez") a/k/a "Noelle," regarding Martinez's drug trafficking activities. As a consequence of that proffer, Correa-Castro entered into a plea agreement, one of the terms of which was his promise to provide testimony against Martinez and the others individuals allegedly involved in Turner's murder.

On July 8, 2010, Correa-Castro provided testimony consistent with his proffer to a federal grand jury. On August 12, 2010, a multi-count indictment was returned against Martinez, Angel Marcial ("Marcial"), Juan Santiago ("Santiago"), Felix Vasquez ("Vasquez"), and Carlos Canales ("Canales"). The indictment contained six counts, five of which related to the defendants' conspiracy to murder, and premeditated murder of, Turner, in order to prevent Turner from providing information to federal law enforcement regarding Martinez's drug dealing. See Indictment (ECF #1, United States v. Jose Martinez a/k/a "Noelle," et al., 1:10-cr-00233-WMS (W.D.N.Y. Aug. 12, 2010) ("Martinez")).

On July 9, 2010, Correa-Castro waived indictment and pleaded guilty to a one-count information charging him with a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. The information charged as follows:

> Between on or about May 18, 2008 and on or about May 30, 2008, in the Western District of New York, the defendant, DIEGO CORREA-CASTRO, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, that is violations of Title 18, United States Code, Sections 1512 and 1513, as they relate to a conspiracy to prevent the communication by Quincy Turner to a law enforcement officer relating to the commission of federal offenses involving a conspiracy to distribute controlled substances; and a conspiracy to retaliate against Quincy Turner for providing to law

enforcement officers information relating to the commission of federal offenses, in that defendant did knowingly and unlawfully aid and abet others, including Felix J. Vasquez, Sr. a/k/a "Lolo", and others, in the knowing and willful discharge, use and/or carrying of firearms, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (2).

Information (ECF #1).

After entering his guilty plea, Correa-Castro filed a counseled motion to withdraw his guilty plea on April 4, 2011 (ECF #11), asserting that he had "changed his mind." The Government opposed the motion (ECF #12), and the Court (Skretny, D.J.) denied it (ECF #15) and set the case for sentencing. On October 17, 2011, Correa-Castro was sentenced principally to a term of imprisonment of 20 years to be followed by and 5 years of supervised release. (ECF ##25, 29).

Martinez and three of his co-defendants proceeded to trial before Judge Skretny in May of 2014. See ECF #457, Martinez. When the Government called Correa-Castro as a witness, he refused to answer questions posed to him. Judge Skretny found no good cause of Correa-Castro's refusal to testify and held him in civil contempt. See ECF ##516, 524, Martinez.[2]

On May 16, 2016, Correa-Castro filed his original § 2255 Motion. He noted that criminal information alleged, as predicate crimes for § 924(c), that he conspired to violate 18 U.S.C. §§ 1512

---

[2] All defendants were acquitted of all charges related to Turner's murder. See ECF #526, Martinez. Martinez was convicted of a drug-related offense and sentenced to a term of life imprisonment. See ECF #628, Martinez.

and 1513; it did not specify which subsection of either 18 U.S.C. §§ 1512 or 1513 Correa-Castro allegedly violated. He argued that § 924(c)(3)(B) is materially indistinguishable from ACCA's residual clause, which was invalidated by Johnson II; and that the inchoate crimes of conspiracy to commit tampering with a witness and conspiracy to commit retaliating against a witness cannot qualify as "crimes of violence" under the "force" or "elements" clause, § 924(c)(3)(A). Correa-Castro requested that the § 2255 Motion be stayed while he sought permission from the Second Circuit to file a second or successive petition. The Court granted the stay. ECF #53.

Also on May 16, 2016, Correa-Castro filed his motion for permission to file a second or successive habeas petition with the Second Circuit. See Correa-Castro v. United States, 16-1553 (2d Cir. May 16, 2016). The Government opposed the motion. On July 19, 2016, the Second Circuit stayed the motion pending its issuance of decisions in United States v. Elvin Hill, 14-3872 (2d Cir.) and United States v. Dwayne Barrett, 14-2641 (2d Cir.).

Following the Supreme Court's decision in Davis, Correa-Castro filed a motion in the Second Circuit on August 29, 2019, seeking to have that court expedite decision on his motion to file a second or successive petition. The Government responded, indicating it did not oppose the request.

On September 16, 2019, Correa-Castro filed his supplemental § 2255 motion (ECF #57) in this Court, citing the Supreme Court's recent Davis decision as supplemental authority.

On December 4, 2019, the Second Circuit issued an Order and Mandate terminating the stay it previously had entered, granting Correa-Castro's motion for leave to file a successive § 2255 motion based on Davis, and transferring the matter to this Court. See ECF #65.

The following day, the Court lifted the stay and set a briefing schedule. ECF ##66, 67. The Government filed a response on January 2, 2020 (ECF #68), agreeing that, as a result of Davis, the conspiracy offenses charged under 18 U.S.C. §§ 1512 and 1513 do not qualify as crimes of violence within § 924(c)(3)(A) and that his conviction for violating § 924(c)(1)(A)(iii) must be vacated. However, the Government argued, the Court must substitute a conviction for one of the lesser included offenses of 18 U.S.C. §§ 1512 or 1513 (i.e., 18 U.S.C. § 1512(k) or 18 U.S.C. § 1513(f)) for the vacated § 924(c)(1)(A)(iii) conviction. The Government indicates that, pursuant to the United States Sentencing Guidelines §§ 2A1.1(a) and 2A1.5(c)(1), Correa-Castro's total offense level would be 40; as determined in the PSR, his criminal history category is III. This yields a sentencing range 360 months' to life imprisonment. And, at resentencing, the Court may not exceed the original sentence of 20 years' imprisonment. The Government represents that it will not seek to enforce any of its potential remedies under the plea agreement, as long as Correa-Castro's conviction for violating § 924(c)(1)(A)(iii) is replaced with a conviction of either 18 U.S.C. § 1512(k) or § 1513(f) and he is resentenced.

Correa-Castro filed a reply (ECF #69) indicating that he would join in the Government's contention that his § 924(c) conviction be replaced with a conviction of either 18 U.S.C. § 1512 or § 1513, so long as the Government agrees that (1) it will not seek to enforce any of its perceived potential remedies under the plea agreement and (2) Correa-Castro cannot be sentenced by the Court to a term of incarceration that exceeds the original sentence of 20 years' imprisonment. The motions were submitted without oral argument on January 10, 2020.

**III. Scope of Review Under § 2255**

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

**IV. Merits of the § 2255 Motions**

    **A.   Section 924(c)(1) and <u>Davis</u>**

Section 924(c)(1)(A) provides for a sentencing enhancement when a defendant "uses or a carries a firearm" or "possesses a firearm" "in furtherance of" "a crime of violence." 18 U.S.C.

§ 924(c)(1)(A). "For purposes of [Section 924(c)(1)(A)] the term 'crime of violence' means an offense that is a felony that and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Subsection (A) of the Section 924(c)(3) is known as the "elements clause," while Subsection (B) is called the "residual clause." The Supreme Court recently invalidated the residual clause, § 924(c)(3)(B), as unconstitutionally vague. See Davis, 139 S. Ct. 2323, 2336 (holding "that § 924(c)(3)(B) is unconstitutionally vague," and announcing that "a vague law is no law at all"). But an offense still qualifies as a "crime of violence" if it satisfies the elements or force clause, § 924(c)(3)(A), which was not affected by Davis. See id.

**B. Conspiracies to Commit Violations of 18 U.S.C. § 1512 and § 1513 Are Not "Crimes of Violence"**

Under 18 U.S.C. § 1512 ("§ 1512"), it is criminal for person to tamper with a witness, victim, or an informant. This tampering can take numerous forms, ranging in severity from killing or attempting to kill another person to prevent them from testifying in an official proceeding, id. § 1512(a)(1); to attempting to "corruptly" despoil evidence in some way or to obstruct, influence, or impede an official proceeding, id. § 1512(c).

Title 18 U.S.C., § 1513 ("§ 1513") criminalizes retaliation against witnesses, victims, and informants that takes the form of

either "kill[ing] or attempt[ing] to kill another person with intent to retaliate against any person[,]" id. § 1513(a)(1), or "knowingly engag[ing] in any conduct and thereby caus[ing] bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person[,]" id. § 1513(b).

The criminal information against Correa-Castro did not specify the subsections of § 1512 and § 1513 with which he was being charged. It simply stated that "they relate[d] to a conspiracy to prevent the communication by Quincy Turner to a law enforcement officer . . . and a conspiracy to retaliate against Quincy Turner for providing to law enforcement officers information relating to the commission of federal offenses[.]" Information (ECF #1) (emphases supplied).

In United States v. Dwayne Barrett, 937 F.3d 126 (2d Cir. 2019), the Second Circuit held that "Davis compel[led] vacatur," id. at 129, of the § 924(c) conviction based on the offense of conspiracy to commit Hobbs Act robbery. While there was "no question but that the particular Hobbs Act robbery conspiracy committed by Barrett and his co-conspirators was violent, even murderous[,]" id. at 238 (citation omitted), there was "also no question" that in Davis, "the Supreme Court held that a crime could not be identified as a crime of violence under § 924(c)—even by a trial jury—on a case-specific basis. The decision must be made categorically." Id. The categorical approach "focus[es] solely on whether the elements of the crime of conviction . . . while

ignoring the particular facts of the case." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016) (citing Taylor v. United States, 495 U.S. 575, 600-01 (1990)).

However, in its pre-Davis decision in the Barrett matter, the Second Circuit had "relied, at least in part, on a case-specific approach to recognize the charged Hobbs Act robbery conspiracy as a crime of violence under § 924(c)(3)(B)." Barrett, 937 F.3d at 128 (citation omitted). Post-Davis, the Circuit determined, this "hybrid" approach could not stand. Id. at 128, 129.

The Second Circuit in Barrett did not actually apply the categorical approach to determine whether conspiracy to commit Hobbs Act robbery could qualify under the elements or force clause, § 924(c)(3)(A), instead relying on the parties' concurrence that the conviction for "using a firearm in committing Hobbs Act robbery conspiracy must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which Davis has now pronounced unconstitutionally vague." Id. at 128.

The same result is necessary in this case. Without § 924(c)'s residual clause, the only basis to deem Correa-Castro's conspiracy offense a "crime of violence" is § 924(c)'s force or elements clause, which is limited to felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a

conviction. At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant.'" Mathis, 136 S. Ct. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)).

"In order to prove a conspiracy, the government must show that two or more persons agreed to participate in a joint venture intended to commit an unlawful act." United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (citing United States v. Martino, 664 F.2d 860, 876 (2d Cir. 1981); emphasis omitted); see also United States v. Irving, 682 F. Supp.2d 243, 265 (E.D.N.Y. 2010) ("To prove the conspiracy [to obstruct justice by tampering with a witness] charge, the government was required to prove beyond a reasonable doubt that: (1) two or more persons entered into the criminal agreement charged and (2) Irving became a member of the conspiracy, with knowledge of its criminal goal and intending by her actions to assist in the accomplishment of that goal.").

"[C]onspiracy's elements are met as soon as the participants have made an agreement." Sessions v. Dimaya, 138 S. Ct. 1204, 1219 (2018) (citing United States v. Doe, 49 F.3d 859, 866 (2d Cir. 1995); citation to record omitted). There is no requirement that a conspirator agree to perform all of the actions necessary to commit the underlying substantive crime:

> A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy

-10-

> may exist and be punished whether or not the substantive crime ensues. . . .

Salinas v. United States, 522 U.S. 52, 65 (1997) (citation omitted).

The Supreme Court thus has "consistently held that the common law understanding of conspiracy 'does not make the doing of any act other than the act of conspiring a condition of liability.'" United States v. Shabani, 513 U.S. 10, 13–14 (1994) (quotation and citations omitted) In contrast to common law conspiracy, the general federal conspiracy statute, 18 U.S.C. § 371, does contain such an overt-act requirement. See, e.g., United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004) ("To prove a conspiracy under 18 U.S.C. § 371, the government must establish an agreement to commit an offense, willing participation by the defendant, and an overt act in furtherance of the conspiracy."). Nonetheless, "[a]n overt act in furtherance of a conspiracy may itself be an innocent act." United States v. Adamo, 534 F.2d 31, 39 n.6 (3d Cir. 1976) (citing Braverman v. United States, 317 U.S. 49 (1942)).

Here, the criminal information against Correa-Castro did not charge a violation of 18 U.S.C. § 371. However, both 18 U.S.C. §§ 1512 and 1513 contain a subsection that provides for conspirator liability: "Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1512(k), § 1513(f). As the Supreme Court has explained, it is a "settled principle of statutory construction

that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." Shabani, 513 U.S. at 13 (citation omitted). Therefore, the Court concludes that "conspiracy" for purposes of §§ 1512 and 1513 encompasses the common law variety. See Shabani, 513 U.S. at 14 (holding that 18 U.S.C. § 846, the drug conspiracy statute, does not require the Government to prove an overt act; "Congress' silence in § 846 speaks volumes" given that 18 U.S.C. § 371 preceded 18 U.S.C. § 846).

It is quite clear that conspiracies to violate 18 U.S.C. §§ 1512 and 1513 cannot be crimes of violence under 18 U.S.C. § 924(c)(3)(A) insofar as there is no "overt act" requirement in those statutes. In other words, they can be can be committed without a defendant taking any "overt act" in furtherance of the conspiracy, much less using, attempting the use of, or threatening the use of force.

The Court reaches the same result even if, assuming for the sake of argument, Correa-Castro had been charged with conspiracy under 18 U.S.C. § 371 to commit violations of §§ 1512 and 1513, and an overt act were required. For purposes of proving the elements of 18 U.S.C. § 371, "[t]he term 'overt act' means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement." 2 O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 31:07 (6th ed. 2019). However, "[t]he overt act may, but for the alleged illegal agreement, appear totally innocent and

legal." Id. Thus, an overt act does not invariably require the actual, attempted, or threatened use of physical force.

The Court concludes that application of the categorical approach to the conspiracy offenses at issue here yields the conclusion that they do not have, "as an element, the use, attempted use, or threatened use of physical force against the person or property of another[,]" 18 U.S.C. § 924(c)(3)(A). Therefore, they cannot qualify as predicate "crimes of violence" to support the § 924(c) conviction. See McDuffie v. United States, No. 1:16-CV-775 (LMB), 2019 WL 3949303, at *3 (E.D. Va. Aug. 21, 2019) (defendant and his co-conspirators were charged under § 371 with conspiracy to commit federal bank robbery, post office robbery, and Hobbs Act robbery; district court held that § 371 conviction, which was the predicate for § 924(c) conviction, was not a crime of violence under § 924(c)(3)(A) "[b]ecause a defendant may be convicted of § 371 conspiracy even if the government does not prove any actual, attempted, or threatened use of force").

**V. Conclusion**

For the foregoing reasons, the § 2255 Motion filed by Correa-Castro is **granted** to the extent that his conviction for 18 U.S.C. § 924(c)(1)(A)(iii) is **vacated.** As per the parties' pleadings, upon vacating Correa-Castro's conviction for violating 18 U.S.C. § 924(c)(1)(A)(iii), a conviction for violating either 18 U.S.C. § 1512(k) or § 1513(f) should be entered and the case set for resentencing. See Government's Response (ECF #68)

at 9 & n.3; Movant's Reply (ECF #69) at 3). The matter is transferred to the original sentencing judge, Hon. William M. Skretny, United States District Judge, for determination as to the conviction to be entered (either 18 U.S.C. § 1512(k) or § 1513(f), and calculation of the new sentence. To the extent that Correa-Castro seeks release on bond pending the resentencing hearing, that request is **denied**. The Clerk of Court is directed to close the associated civil case, 1:16-cv-00386-MAT.

    **SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    January 29, 2020
           Rochester, New York