UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

**DECISION AND ORDER**
10-CR-185S

DIEGO CORREA-CASTRO,

               Defendant.

On July 9, 2010, Defendant Diego Correa-Castro waived indictment and pleaded guilty to a single-count information charging him with discharging, using, and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(iii) and 2. (Docket Nos. 3, 4, 6.) On October 17, 2011, this Court sentenced Correa-Castro to, *inter alia*, a 20-year term of imprisonment to be followed by five years of supervised release. (Docket Nos. 25, 29.)

On January 29, 2020, the late Honorable Michael A. Telesca, United States District Judge, granted Correa-Castro's motions to set aside or correct his sentence under 28 U.S.C. § 2255 pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019).[1] (Docket No. 75.) In doing so, Judge Telesca determined that Correa-Castro's conviction for 18 U.S.C. § 924 (c)(1)(A)(iii) must be vacated and that a conviction under either 18 U.S.C. § 1512 (k) or 1513 (f)—two lesser

---

1 In Johnson, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act is void for vagueness. 135 S. Ct. at 2558-59. In Davis, the Supreme Court held that the similarly worded residual clause in 18 U.S.C. § 924 (c)(3)(B) is also void for vagueness. 139 S. Ct. at 2336.

1

included offenses—should be entered in its place, and Correa-Castro should be re-sentenced.  (Id.)  Judge Telesca also denied Correa-Castro's request for release pending re-sentencing.  (Id.)  A status conference is currently scheduled before this Court on May 20, 2020, to discuss how to proceed with Correa-Castro's resentencing.

Meanwhile, Correa-Castro, who is currently housed at the Northeast Ohio Correctional Center, has again requested release pending re-sentencing, premised principally on the COVID-19 pandemic.  Correa-Castro maintains that his continued detention puts him at a general heightened risk to contract COVID-19.  He therefore seeks release on conditions pending re-sentencing.  The government opposes Correa-Castro's motion.[2]

Correa-Castro's custody is governed by 18 U.S.C. § 3143 (a), which "establishes a presumption in favor of detention."  United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." (internal quotation marks omitted)).  With certain exceptions, the statute provides that an individual found guilty of an offense and who is awaiting imposition or execution of sentence be detained, unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142 (b) or (c).  See 18 U.S.C. § 3143 (a)(1).  Section 3142 (b) provides for release on

---

[2] The government's opposition to Correa-Castro's motion includes its motion to file a sur-reply.  (Docket No. 88.)  This Court has considered the government's sur-reply submission (Docket No. 89) and will therefore grant its motion to file the same.

personal recognizance or unsecured appearance bond.   Section 3142 (c) provides for release on conditions.

Having reviewed the submissions and the record, this Court finds that Correa-Castro has not demonstrated by clear and convincing evidence that he is neither a flight risk nor a danger to the safety of any other person or the community.   Correa-Castro continues to face the imposition of a sentence no greater than 20 years and he has served only half of that time.   He is also a criminal history category III, and his underlying offense conduct includes him aiding and abetting the murder of Quincy Turner in retaliation for Turner's cooperation with law enforcement.   Other than indicating that he has a place to live near his son if released on conditions, Correa-Castro offers nothing by way of clear and convincing evidence to prove that he is not dangerous or a flight risk.

And this Court finds that Correa-Castro poses a danger to the community and a flight risk no matter the seriousness of the COVID-19 crisis.   See United States v. Rollins, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020) (finding that the outbreak of COVID-19 does not override the statutory detention provisions).   But even on this point, Correa-Castro fails to demonstrate that he has a condition that puts him at increased risk of contracting the virus or that the Northeast Ohio Correctional Center is unwilling or unable to take necessary precautions to prevent the spread of the virus or to treat those who may have contracted it.[3]   As the government reports, there have been only two confirmed cases of COVID-19 at the facility, and the

---

3  Correa-Castro is 32 years old, and there is no indication that he is anything other than in generally good health.

facility has implemented recommended measures in response. And the two confirmed cases were employees; there have been no reported cases among the inmate population. Thus, without more, the mere possibility of contracting COVID-19 does not warrant release pending sentencing. See United States v. Cooper, 1:18-CR-00126 EAW, 2020 WL 1577852, at *3 (W.D.N.Y. Mar. 30, 2020) (denying release pending sentencing brought by 24-year-old defendant in generally good physical health who failed to raise any issues specific to him as it related to the possibility of contracting COVID-19 and finding that "this pandemic does not justify ignoring the provisions of the Bail Reform Act"). Correa-Castro's detention will therefore be maintained, and his request for release will be denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Release from Custody (Docket No. 83) is DENIED.

FURTHER, that the government's Motion to File Sur-Reply (Docket No. 88) is GRANTED.

SO ORDERED.

Dated: April 29, 2020
       Buffalo, New York

                                                  s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                  United States District Judge